IN THE UNITED STATES DISTRICT COURT
FOR TH WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

No. 1:22-cv-267

BEARWATERS BREWING COMPANY,

    Plaintiff,

vs.

ASSURANT, INC. D/B/A AMERICAN BANKERS
INSURANCE COMPANY OF FLORIDA and PATTON, MORGAN & CLARK
INSURANCE AGENCY, INC.

    Defendants.

_____

## INTRODUCTION

Plaintiff BearWaters Brewing Company ("BearWaters") seeks a declaratory judgment that Defendants Assurant, Inc. d/b/a American Bankers Insurance Company of Florida ("Assurant") may not refuse coverage under an insurance policy provided to BearWaters. BearWaters further seeks relief, in the alternative, against Defendant Patton, Morgan & Clark Insurance Agency, Inc. ("Patton") for breach of fiduciary duty with respect to its fiduciary responsibilities relating to the same policy.

## PARTIES

1. Plaintiff BearWaters is a North Carolina corporation with its principal office located at 101 Park Street, Canton, North Carolina.

2. Upon information and belief, Defendant Assurant is a Delaware Corporation.

1

3. Upon information and belief, Defendant Patton is a North Carolina corporation with its principal office located at 70 Academy Street, North Carolina.

## JURISDICTION AND VENUE

4. This matter involves a dispute regarding an insurance plan with policy number 74059010222021 issued by Defendant Assurant. Said policy was issued subject to the National Flood Insurance Program managed by the Federal Emergency Management Agency and exclusive jurisdiction rests with the federal district court in which the property subject to coverage is located.

5. The insured property is located at 101 Park Street, Canton, North Carolina.

6. The amount in controversy exceeds $75,000.00.

7. This Court has jurisdiction over the parties and subject matter of this action.

## FACTS

8. All prior paragraphs are incorporated herein by reference.

9. BearWaters owns and operates a brewery at 101 Park Street in Canton, North Carolina.

10. From 2019 and prior, the property at 101 Park Street was insured by a nonparty insurance agency.

11. BearWaters also owns a storage building located at 13 Penland Street, Canton, North Carolina, which was purchased after they commenced operations at 101 Park Street.

12. From 2019 and prior, 13 Penland Street was insured through Defendant Patton.

13. In late 2019, BearWaters undertook a refinance of their property during which the mortgager notified BearWaters that flood insurance would be required on 101 Park Street to complete the refinance.

14. BearWaters notified Defendant Patton of the refinance and the need for coverage on 101 Park Street.

15. BearWaters understood that Defendant Patton communicated directly with the refinance company for the purpose of ensuring that appropriate coverage was obtained for 101 Park Street.

16. Ultimately, the refinance was approved and subsequent renewals of BearWaters insurance policy listed the insured property as having an address of 101 Park Street.

17. In years prior to opening the 101 Park Street building, BearWaters obtained flood insurance through the Defendants for coverage on the 13 Penland Street building.

18. After BearWaters opened the 101 Park Street building, BearWaters notified Defendant Patton that their primary business location had changed and insurance coverage needed to be adjusted accordingly.

19. When BearWaters received its renewal notice for flood insurance for policy period 2/6/2021-2/6/2022, the declarations page provided that the insured property location was 101 Park Street, Canton, North Carolina.

20. BearWaters paid the premium for policy number 74059010222021, which was obtained by Defendant Patton and underwritten by Defendant Assurant.

21. On August 17, 2021, BearWaters building at 101 Park Street was severely damaged by flooding from the Pigeon River.

22. BearWaters submitted a claim for coverage under the above referenced flood insurance policy seeking coverage for the damage to 101 Park Street.

23. BearWaters was notified in writing on December 23, 2021 by Defendant Assurant that their claim was denied due to coverage being provided only on BearWater's property at 13 Penland Street.

24. BearWaters timely proceeded with an administrative appeal which was subsequently denied.

FIRST CLAIM FOR RELIEF
(Breach of Insurance Contract)
(*Defendant Assurant*)

25. All above paragraphs are incorporated herein by reference.

26. Defendant Assurant's refusal to provide coverage under the insurance contract is a breach of the contract.

27. BearWaters is entitled to actual damages for Defendant Assurant's breach of contract.

SECOND CLAIM FOR RELIEF
(Bad Faith)
(*Defendant Assurant*)

28. All prior paragraphs are incorporated herein by reference.

29. Defendant Assurant's handling of BearWaters' claim under the flood insurance policy as - unreasonable in one or more of the following respects:

　　a. In failing to comply with industry standards of good faith and fair dealing; and,

　　b. In failing to consider all facts and evidence tending to show the basis for BearWater's claim.

30. BearWaters is entitled to an award of actual, consequential, and punitive damages in addition to attorney's fees.

## THIRD CLAIM FOR RELIEF
(Breach of Fiduciary Duty)
(*Defendant Patton*)
(*pleaded in the alternative*)

31. All prior paragraphs are incorporated herein by reference.

32. If it is found that the flood insurance policy provided by Defendant Assurant does not provide coverage for 101 Park Street, Defendant Patton, acting as an insurance broker for BearWaters, was in a position of confidence with respect to identifying proper coverage for BearWaters needs.

33. BearWaters relied on Defendant Patton's specialized experience in the insurance field.

34. Defendant Patton breached its fiduciary duty to by failing to ensure adequate coverage was provided for BearWaters' assets.

## FOURTH CLAIM FOR RELIEF
(Declaratory Judgment)

35. All prior paragraphs are incorporated herein by reference.

36. BearWaters is informed and believe they are entitled to a declaration that Defendant Assurant owes them benefits for damages sustained at 101 Park Street under the flood insurance policy referenced above.

## JURY DEMAND

37. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for actual, consequential and punitive damages in amount to be determined by the Court, together with reasonable attorney fees.

Dated: December 21, 2022.

                          Attorney for Plaintiff

                          /s/Mark A. Wilson
                          NC Bar No.: 47197
                          Hyde Brown Wilson, P.A.
                          675 N. Main Street
                          Waynesville, NC 28786
                          P. 828-452-2556
                          mark@hbwlaw.com