IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00267-MR-WCM

| | |
|---|---|
| BEARWATERS BREWING COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) ASSURANT, INC. d/b/a ) AMERICAN BANKERS ) INSURANCE COMPANY OF ) FLORIDA, and PATTON, ) MORGAN & CLARK INSURANCE ) AGENCY, INC., ) ) Defendants. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motion for Summary Judgment [Doc. 17].

**I.     PROCEDURAL BACKGROUND**

On December 21, 2022, Plaintiff BearWaters Brewing Company ("Plaintiff") filed the present action in this Court against Defendants Assurant Inc., doing business as American Bankers Insurance Company of Florida ("American Bankers"), and Patton, Morgan & Clark Insurance Agency, Inc. ("Patton"). [Doc. 1]. This action arises out of a flood insurance policy issued by American Bankers to the Plaintiff pursuant to the rules and regulations

governing the National Flood Insurance Program ("NFIP"), a program managed by the Federal Emergency Management Agency ("FEMA").[1] [Id.]. The Plaintiff submitted a claim under the policy as a result of flooding that damaged buildings on the Plaintiff's property on August 17, 2021. [Id.]. American Bankers partially denied the Plaintiff's claim on December 23, 2021; the Plaintiffs pursued an administrative appeal with FEMA that was ultimately denied. [Id.]. The Plaintiff alleges several claims: (1) a claim for breach of insurance contract against American Bankers, (2) a claim for bad faith against American Bankers, (3) a claim for breach of fiduciary duty against Patton, and (4) a claim for a declaratory judgment that American Bankers owes the Plaintiff benefits under the flood insurance policy for damages sustained to its property. [Id.].

On September 5, 2023, American Bankers moved for summary judgment on all claims brought against it. [Doc. 17]. On September 19, 2023, the Plaintiff filed a Notice of Intent Not to Respond to the Defendant's motion. [Doc. 18]. In the Notice, the Plaintiff requests that the Court decline to exercise supplemental jurisdiction over the remaining claim against

---

[1] Because the insurance policy at issue is managed by FEMA and regulated by federal law, this Court has federal question jurisdiction in this case. See 42 U.S.C. § 4072 (conferring jurisdiction on United States district courts to hear claims under the NFIP in the district in which the insured property is situated).

Patton. [Doc. 18]. Patton filed a Response to the Plaintiff's Notice, opposing the Plaintiff's request. [Doc. 20]. The Plaintiff failed a Reply on October 16, 2023. [Doc. 22]. Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As the Supreme Court has observed, 'this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986)) (emphasis in original).

A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), cert. denied, 513 U.S. 814 (1994). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of

demonstrating the absence of a genuine issue of material fact." Bouchat, 346 F.3d at 522. If this showing is made, the burden then shifts to the nonmoving party who must convince the Court that a triable issue does exist. Id. In considering the facts on a motion for summary judgment, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986).

A plaintiff's failure to respond to a motion for summary judgment renders those facts established by virtue of being uncontroverted. See Fed. R. Civ. P. 56(e)(3). Nevertheless, "the moving party must still show that the uncontroverted facts entitle the party to a judgment as a matter of law." Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993).

### III. FACTUAL BACKGROUND

Viewing the forecast of evidence in the light most favorable to the Plaintiff, the following is a recitation of the relevant facts.

Congress created the National Flood Insurance Program ("NFIP") in 1968. See National Flood Insurance Act of 1968, Pub.L. 90–448, 82 Stat. 572 (1968). Recurring and expensive flood disasters prompted the program's creation, which (1) makes federally subsidized flood insurance available in flood-prone areas and (2) encourages states and localities to

adopt land use policies and regulations that reduce the risk of flood damage. 42 U.S.C. § 4001(a)-(e).

FEMA, as authorized by statute and regulations, arranges for property insurance companies in the private sector, called Write–Your–Own ("WYO") companies, to issue and administer federal policies in their own names. 42 U.S.C. § 4081; 44 C.F.R. § 62.23. FEMA, in accordance with statutory parameters, establishes the terms and conditions of the Standard Flood Insurance Policy ("SFIP"), and the policy forms are codified as part of FEMA's regulations. 42 U.S.C. § 4013; 44 C.F.R. §§ 61.13, 61 App. (A)(1)-(3). WYO companies remit premiums collected, after deducting a scheduled amount for administrative expenses, to FEMA for deposit in the National Flood Insurance Fund, and claims are thus paid from federal funds. 42 U.S.C. § 4017(d).

American Bankers is a WYO Company that issues SFIPs pursuant to the rules and regulations governing the NFIP. [See Doc. 17-1: Roberts Decl. at ¶ 7]. All flood insurance policies issued by WYO Companies, including American Bankers, are identical to the terms and conditions of the SFIP, as codified in federal regulations. See, e.g., 44 C.F.R. Part 61, App. A(1), A(2), and A(3). The Plaintiff's SFIP in effect at the time of the flood states: "ONLY ONE BUILDING PER POLICY – BLANKET COVERAGE NOT

PERMITTED." [Doc. 17-3: SFIP Application at 8]. This is in accordance with the governing regulations, which state, in pertinent part, "Only *one building*, which you specifically described in the application, may be insured under this policy." 44 C.F.R. Pt. 61, App. A(2)(II)(B)(20) (emphasis added).

At all times relevant to this action, the Plaintiff owned two separate buildings in Canton, North Carolina. [Compl. at ¶ 9-11; American Bankers Ans. at ¶ 9-11; Patton Ans. at ¶ 9-11]. The first building, located at 13 Penland Street, is a one-floor, slab-on-grade structure used as an office and storage for Plaintiff's brewery ("Penland Street Building"). [Id.]. The second building, located at 101 Park Street, is a two-floor building with a basement operating as a restaurant and brewery ("Park Street Building"). [Id.].

On December 31, 2018, the Plaintiff submitted an application for a SFIP policy to American Bankers that identified the property address as 13 Penland Street, Canton, North Carolina, 28716. [Doc. 17-3: SFIP Application at 2]. The SFIP application submitted to American Bankers described the building to be insured as "One Floor," "Slab on Grade," and "Office/Storage." [Id. at 6]. American Bankers issued such a policy, Policy No. 7405901022, for the policy period of February 6, 2019, to February 6, 2020, providing $121,000 in building coverage. [Doc. 17-2: Roberts Decl. at

¶ 9].  The Plaintiff subsequently renewed the policy for two more years, increasing the coverage to $133,100.  [Id. at ¶¶ 10-11].

On March 11, 2021, Patton, the Plaintiff's insurance broker, sent a "Commercial Policy Change Request" form to American Bankers to update the mailing address for the property, which stated as follows: "Need to revise location address to read 101 Park Street, Canton, NC 28716. Ins[ure]d completed a deed transaction and encompassed all properties under one address." [Id. at ¶ 13].  The request, however, did not change the *building* that was insured under the policy.  [Id. at ¶ 14].  The Penland Street Storage Building—a one floor, slab on grade building for use as an office/storage—remained the insured building.  [Id.].  American Bankers issued a Revised Policy Declaration to the Plaintiff in response, reflecting the change in address, but with the same building description as the previous declaration: one floor, slab on grade, warehouse/storage.  [Id. at ¶¶ 15-16]

Both buildings sustained damage due to flooding of the Pigeon River on August 17, 2021.  [Id. at ¶ 17].  American Bankers retained an Independent Adjuster ("IA") to investigate the flood damage; the IA inspected the property on August 27, 2021.  [Id. at ¶ 18].  A few days later, the IA submitted a report to American Bankers recommending a total payment of $24,248.89 for covered damage to the Penland Street Building; American

Bankers approved said payment to the Plaintiff. [Id. at ¶¶ 19-20]. On December 23, 2021, American Bankers issued a letter to the Plaintiff informing them that the IA recommended a payment of $24,248.89 for the flood damage to the Penland Street Building, but denying coverage to the flood damage at the Park Street Brewery because that building was not insured under their policy. [Id. at ¶ 23]. The Plaintiff appealed the partial claim denial to FEMA, and FEMA upheld the partial denial on June 17, 2022. [Id. at ¶¶ 24-25].

## IV. DISCUSSION

### A. American Bankers' Motion for Summary Judgment

#### 1. Breach of Contract Claim

Under North Carolina law, the elements of a claim for breach of contract are (1) existence of a valid contract and (2) failure to perform in accord with the terms of that contract. Poor v. Hill, 530 S.E.2d 838, 843 (N.C. App. 2000).

Insurance policies issued under federal programs must be strictly construed because they are direct claims on the Federal Treasury. See, e.g., Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 385 (1947) (recognizing "the duty of all courts to observe the conditions defined by Congress for charging the public treasury"). Because the operative insurance contract is

8
Case 1:22-cv-00267-MR-WCM   Document 23   Filed 01/16/24   Page 8 of 12

a SFIP under federal regulations and calls for payments from the federal treasury pursuant to the Appropriation Clause of the Constitution, it must be construed strictly.  See U.S. Const. Art. I, § 9, Cl. 7; 42 U.S.C. § 4017; Office of Personnel Management v. Richmond, 496 U.S. 414, (1990) (providing that "not a dollar of [the money in the federal Treasury] can be used in the payment of any thing [sic] not thus previously sanctioned").  Therefore, any payments made to the Plaintiff under the applicable policy must be clearly authorized by the governing federal regulations.

Here, the undisputed forecast of evidence shows the existence of a valid contract and that the Defendant breached no terms of that contract.  It is undisputed that the Plaintiff was covered by a SFIP that incorporated the provision limiting coverage to a single building.  Furthermore, the undisputed forecasted evidence tends to show that the policy was only updated with regard to the mailing address of the insured property and not with regard to which building was covered under the policy.  American Bankers did not provide or purport to provide insurance coverage for the Park Street Building, and therefore the Plaintiff's breach of contract claim must fail.  Accordingly,

American Bankers is entitled to summary judgment on the Plaintiff's breach of contract claim.[2]

### 2. Bad Faith Claim

The Plaintiff also alleges that American Bankers acted in bad faith in denying their insurance claim for the Park Street Building. To prevail on a claim of bad faith in the insurance context, a complainant must establish that there was: (1) a refusal to pay after recognition of a valid claim; (2) "bad faith"; and (3) "aggravating or outrageous conduct." Blis Day Spa, LLC v. Hartford Ins. Grp., 427 F. Supp. 2d 621, 631 (W.D.N.C. 2006) (quoting Topsail Reef Homeowners Ass'n v. Zurich Specialties London, Ltd., 11 Fed. App'x 225, 237, 2001 WL 565317 (4th Cir. May 25, 2001)). The Plaintiff here has offered no forecast of evidence suggesting the Defendant acted in bad faith by refusing to pay a valid claim or otherwise. On the contrary, the facts are undisputed that the Plaintiff's insurance claim was not valid as to the Park Street Building. Therefore, American Bankers is entitled to summary judgment on the Plaintiff's claim of bad faith.

---

[2] Because the Plaintiff's claim for breach of contract fails, the Plaintiff's request for a declaratory judgment that it is entitled to benefits under the policy also must be dismissed.

For all these reasons, American Bankers' motion for summary judgment is granted, and the Plaintiff's claims against this Defendant are dismissed.

## B. Supplemental Jurisdiction

The Plaintiff requests that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining claim against Defendant Patton. [Doc. 18]. Patton objects to the Plaintiff's request.

The Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id.

The Plaintiff's request is procedurally improper, as it was contained in a notice and not filed as a separate motion. See LCvR 7.1(c)(2) (requiring all motions to be filed a separately filed pleadings). On this basis alone, the Plaintiff's request is denied. However, even if the Court were to reach the

merits of the Plaintiff's request, the Court declines to dismiss the remaining claims. This matter has been pending before this Court since December 2022. The parties have engaged in discovery and briefed dispositive motions, and the matter is set for trial in September 2024. Dismissal of the Plaintiff's remaining claim against Patton at this late stage in the proceedings would not be convenient or fair to the parties. Accordingly, the Plaintiff's request for the Court to decline to exercise supplemental jurisdiction over the remaining claims against Defendant Patton is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 17] is **GRANTED**, and the Plaintiff's claims against the Defendant American Bankers Insurance Company of Florida, Inc. (incorrectly identified in Plaintiff's Complaint as "Assurant, Inc. d/b/a American Bankers Insurance Company of Florida") are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: January 15, 2024

Martin Reidinger
Chief United States District Judge