# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## Case No. 1:22-CV-00267-MR-WCM

| | |
|---|---|
| **BEARWATERS BREWING COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ASSURANT, INC. D/B/A AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and PATTON, MORGAN & CLARK INSURANCE AGENCY, INC.,**<br><br>**Defendants.** | **PATTON, MORGAN & CLARK INSURANCE AGENCY, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of Court for the Western District of North Carolina, Defendant Patton, Morgan & Clark Insurance Agency, Inc. ("PMC"), by and through undersigned counsel, hereby respectfully submits this Reply Brief in Support of its Motion for Summary Judgment (D.E. 30), confining the analysis herein to matters newly raised in Plaintiff's Memorandum of Law in Opposition to Defendant PMC's Motion for Summary Judgment (D.E. 35) ("Response").

<u>**ARGUMENT**</u>

**I. PLAINTIFF HAS NOT ALLEGED A CLAIM THAT PMC BREACHED A DUTY TO PROCURE FLOOD COVERAGE FOR THE BREWERY BUILDING**

In its response, Plaintiff appears to assert, for the first time, a claim for breach of a fiduciary duty to procure flood coverage for the Brewery Building upon Plaintiff's direct request. (*See* D.E. 35 pp. 5-11). Plaintiff did not assert this claim or related factual allegations within its Complaint. (*See* D.E. 1). Plaintiff's sole claim for breach of fiduciary duty is premised on allegations in its Complaint that PMC breached a duty *to advise* Plaintiff of additional needed coverages because it did not advise Plaintiff to consider obtaining flood coverage for the Brewery Building. (*See* D.E. 1). This new claim is thus not properly before this Court, and accordingly, it should be dismissed.

It is required that a complaint "give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1); *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007).

This Court has warned that "[a] party may not . . . amend the complaint via argument against summary judgment." *Lee v. Norfolk S. Ry. Co.*, 912 F. Supp. 2d 375, 388 (W.D.N.C. 2012). A plaintiff's claims are limited to allegations in its complaint. *Dubnick v. Henderson Cnty. Hosp. Corp.*, No. 1:08CV465, 2009 WL

2426309, at *2 n. 2 (W.D.N.C. July 6, 2009) ("This court has no authority to address controversies other than those presented to it.").

To properly plead a claim for breach of fiduciary duty, a plaintiff must plead the existence of a fiduciary relationship and a breach of that relationship. *White v. Consol. Planning, Inc.*, 166 N.C.App. 283, 293-94, 603 S.E.2d 147, 155-56 (2004). An insurance agent, by operation of law, "has a duty to procure additional insurance for a policyholder at the request of the policyholder" when the agent agrees to undertake to procure the coverage. *Phillips by Phillips v. State Farm Mut. Auto. Ins. Co.*, 129 N.C. App. 111, 113, 497 S.E.2d 325, 327 (1998).

Plaintiff does not allege in its Complaint that PMC owed a fiduciary duty to procure a policy of flood insurance for the Brewery Building. (*See* D.E. 1). Plaintiff's Complaint does not contain any allegations that it requested that PMC procure flood coverage for the Brewery Building, that PMC indicated that it would undertake to procure such coverage, or that PMC breached a related duty to Plaintiff. (*Id*.).

Accordingly, to the extent that Plaintiff intended to assert such a claim against PMC, it failed utterly to meet its obligation to give PMC fair notice as required by Rule 8. Plaintiff has not stated such a claim, and it therefore should be dismissed and

cannot be considered by this Court.[1] Further, any factual allegations, purported evidence, or arguments proffered by Plaintiff, whetehr within or in connection with its Response, that arise from or relate to such a claim should similarly be disregarded.[2]

---

[1] Plaintiff's Response (D.E. 35) does not appear to contain an affirmative request to the Court for leave to amend its Complaint to add this claim. However, in the event that the assertion of this claim for the first time at summary judgment could, in any way, be considered by the Court to be the equivalent of a motion by Plaintiff to amend its Complaint, such motion is improper pursuant to LCvR 7.1 and Fed. R. Civ. Pro 15 and 16, as well as the Pretrial Order and Case Management Plan entered in this case [D.E. 15] and any amendments thereto, and should be denied. In the event that the Court should construe any part of Plaintiff's Response, or any attachments thereto, as a motion to amend Plaintiff's Complaint, PMC would respectfully request that it be granted leave to file a response to same.

[2] PMC objects to the vast majority of the assertions made by Plaintiff within the Declaration of Kevin Sandefur submitted by Plaintiff (D.E. 35-2) and the exhibits attached thereto, as being reliant upon, constituting, or being comprised of nothing more than speculation, conclusory allegations, subjective beliefs, opinions, hearsay, contradictory testimony of Plaintiff and other witnesses, unauthenticated documents, or inadmissible under F.R.C.P. 56 or otherwise. Due to the limited space available to PMC for its reply, only those assertions that are referenced by Plaintiff in its brief, and that are relevant to Plaintiff's arguments for the claim that is before the court and at issue for summary judgment, are directly addressed in PMC's reply. However, PMC wishes and intends to reserve the ability to outline its objections in further detail should the Court consider those allegations, and in such event would respectfully request that the Court grant PMC leave to respond to and propound its related objections in further detail in future briefing.

## II. PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM IS TIME-BARRED

### A. Plaintiff's Breach of Fiduciary Duty claim began to accrue when Plaintiff should have first read the subject policy

The three-year statute of limitations for Plaintiff's claim for breach of fiduciary duty began to accrue when Plaintiff discovered the breach or when the Plaintiff should have discovered the breach *through reasonable diligence*. *See Catlin Specialty Insurance Company v. Tegol, Inc.*, Case No. 3:14-CV-00607-GCM-DCK, 2018 WL4329293, *3 (Sept. 11, 2018 W.D.N.C.).

In its Response, Plaintiff mischaracterizes PMC's position, contending that PMC has defined the date of accrual for Plaintiff's sole claim as the date of initial issuance of the subject policy by American Bankers on February 6, 2019. It is not the *issuance* of the subject policy, but rather, the time of Plaintiff's *access* to the subject policy and policy information, including the policy application, provided to Plaintiff on the same February 6, 2019 date, that triggered accrual of the claim.

This is because Plaintiff's alternative claim against PMC is premised on allegations that Plaintiff understood the subject policy to be one that provided coverage for the Brewery Building, not the Storage Building, and that *if the subject policy does not provide coverage for the Brewery Building*, PMC should have advised Plaintiff that it needed such coverage. (*See* D.E. 1). Had Plaintiff read the subject policy, coverage application, and related information when it first had access

to these materials on February 6, 2019, it would have been clear to Plaintiff as of that date that the subject policy provided coverage for the Storage Building and not the Brewery Building, and Plaintiff therefore would have discovered PMC's alleged failure to advise.

**B.    Plaintiff clearly had both the capacity and the opportunity to discover the alleged breach by PMC as of February 6, 2019**

"[W]here the evidence is clear and shows without conflict that the claimant had both the capacity and the opportunity to discover the mistake or discrepancy, but failed to do so, the absence of reasonable diligence is established as a matter of law." *Grubbs Props. Inc. v. Simms Inv. Co.*, 101 N.C. App. 498, 501, 400 S.E.2d 85, 88 (1991).

It is undisputed that as of February 6, 2019, Plaintiff had access to the terms and conditions of the subject policy and the related coverage application. (*See* D.E. 31 at pp. 6-7; D.E. 31-2 at ¶¶ 11-15; D.E. 31-2 at pp. 7-10, 12-16). It is undisputed that the application identified the address of the building to be insured under the flood policy as 13 Penland Street, Canton, North Carolina 28716. (*See* D.E. 31-2 at pp. 2-3, 7-10, 14-16). ¶ 12). Further, the application described the covered building as a one-story "office/storage" building with slab on grade foundation (*Ids.*), and clearly indicates in conspicuous text: "*** PLEASE NOTE: ONE BUILDING PER POLICY - BLANKET COVERAGE NOT PERMITTED." (D.E. 31-2 at p.10).

Even a cursory review of the application or policy would reveal that the

Storage Building was the only building that was, or ever could be, covered under the subject policy. Despite this, Plaintiff attempts to absolve itself by arguing that the language of the subject policy was too sophisticated for it to comprehend, and that the declarations pages, especially for renewals or revisions of the policy, did not provide a clear indication on their face of which Building was covered.

These arguments are no more than conclusory allegations and speculation aimed to confuse and create doubt as to the clear uncontroverted evidence propounded by PMC. Plaintiff provides no legal authority establishing that the terms of an SFIP policy are so sophisticated that insureds are absolved from their duty to read the policy. Plaintiff has similarly not provided a scintilla of evidence or legal authority to support its assertion that an insured has a diminished capacity or opportunity to comprehend a policy when it is renewed or revised at a later date. By simply reading the subject policy and application information on February 6, 2019, a reasonably diligent insured would be equipped with the information requisite for it to comprehend any subsequent renewal or revision to the policy.

Plaintiff had all of the same information that its alleged fiduciaries possessed well over three years before it initiated this action. Plaintiff either reviewed such information or ignored it. (*See* D.E. 31-3 at p. 20, 115:11-22; D.E. 31-3 at pp. 26-27, 132:14-133:7; D.E. 31-2 at ¶¶ 11-15; D.E. 31-2 at pp. 7-10, 12-16). Either way,

Plaintiff discovered, or should have discovered, the alleged breach as of February 6, 2019, establishing Plaintiff's absence of reasonable diligence as a matter of law.

Accordingly, Plaintiff's claim against PMC accrued on February 6, 2019 and expired over ten months before Plaintiff filed its Complaint on December 21, 2022. (*See* D.E. 1).

## III. PMC DID NOT HAVE AN IMPLIED DUTY TO AFFIRMATIVELY ADVISE PLAINTIFF

The record is devoid of any evidence giving rise to a genuine issue of material fact regarding whether PMC had an implied fiduciary duty to affirmatively advise Plaintiff of additional needed coverages. In its Response, Plaintiff attempts to present the following to support the existence of a material dispute of fact, however each of these alleged facts is irrelevant, inadmissible, and/or objectionable under F.R.C.P. 56(c):

- That "BearWaters contacted PMC for flood insurance coverage in 2017 specifically for 101 Park Street." (D.E. 35 at p. 10)

- That during a refinance "in late 2019," "BearWaters specifically requested that PMC procure any insurance necessary to complete the closing." (D.E. 35 at pp. 10-11)

- That PMC "sent an email to BearWaters specifically advising BearWaters about flood insurance coverage and how to respond in the event of a flood." (D.E. 35 at p. 10; *referencing* Ex. A to the Declaration of Kevin Sandefur (*See* D.E. 35-2 at p. 7))

- That PMC "offered via email to procure flood insurance for BearWaters." (*Ids.*)

The first two of these "facts" propounded by Plaintiff, for which Plaintiff relies on the declarant testimony of Kevin Sandefur as support, are directly contradicted by Plaintiff's own deposition testimony. (*See* D.E. 35-2 at p. 3, ¶¶ 6, 10-11; D.E. 31-3 at pp. 15-16, 71:15-72:22; Exhibit 1 at 58:21-59:9; 63:15-19; 65:24-66:7, 66:18-67:17)[3]. It is well settled that a plaintiff cannot avoid summary judgment by submitting affiant or declarant testimony "that conflicts with earlier deposition testimony." *Alba v. Merrill Lynch & Co.*, 198 Fed. Appx. 288, 300 (4th Cir. 2006); *see also Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct."). This declarant testimony is therefore inadmissible and must not be considered by the Court. Further, even if these "facts" were supported by admissible evidence, they are irrelevant to whether PMC has a duty to advise Plaintiff.

The last two "facts" propounded by Plaintiff both refer to an email attached to the Declaration of Kevin Sandefur (D.E. 35-2) as Exhibit A (D.E. 35-2 at p. 7), but mischaracterize its contents. Said email neither contains advice as to needed flood coverage, nor contains or constitutes an offer by PMC to procure flood insurance for BearWaters. (*See* D.E. 35-2 at p. 7).

---

[3] A copy of select excerpts from the Transcript of the Rule 30(b)(6) Deposition of Plaintiff BearWaters Brewing Company, taken on March 7, 2024 in connection with this action, is attached hereto as **Exhibit 1**.

9

Further, this email is also objectionable under F.R.C.P. 56(c) because it has not been properly authenticated. *See Gary v. Freightliner*, 2005 WL 1121980, *5 (W.D.N.C. 2005) (referencing Fed. R. Civ. Pro. 56, *Orsi v. Kirkwood*, 999 F.2d 86, 91 (4th Cir. 1993)) ("[T]o be admissible at summary judgment, supporting documentary evidence must be authenticated by, and attached to, a sworn affidavit."). As this email appears to have been drafted and sent by Connie Millsaps, authentication by Plaintiff's declarant testimony is insufficient. Additionally, this email constitutes hearsay. *See id*. ("[H]earsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment."). This email is therefore inadmissible and must not be considered by the Court.

A heightened, implied fiduciary duty to advise an insured of additional needed coverages only arises when a special relationship exists. No special relationship existed between PMC and Plaintiff, and Plaintiff fails to present even a scintilla of evidence in support of this assertion.

## CONCLUSION

PMC is entitled to the entry of summary judgment as to the only claim against it that Plaintiff's Complaint has put before this Court.

Respectfully submitted this the 24th day of May, 2024.

/s/ Caroline B. Barrineau
Jason R. Benton
NC State Bar No. 27710
Caroline B. Barrineau
NC State Bar No. 51571
PARKER POE ADAMS & BERNSTEIN LLP
620 S Tryon St., Suite 800
Charlotte, NC  28202
Telephone: 704-372-9000
Facsimile:  704-334-4706
Email: jasonbenton@parkerpoe.com
Email: carolinebarrineau@parkerpoe.com

*Counsel for Defendant Patton, Morgan & Clark Insurance Agency, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Defendant Patton, Morgan & Clark Insurance Agency, Inc.'s Reply Brief in Support of its Motion for Summary Judgment** was electronically filed with the Clerk of the Court by using the CM/ECF System which will send notification and serve same upon counsel of record via the Court's electronic case filing system.

This the 24th day of May, 2024.

/s/ Caroline B. Barrineau
Jason R. Benton
NC State Bar No. 27710
Caroline B. Barrineau
NC State Bar No. 51571
PARKER POE ADAMS & BERNSTEIN LLP
620 S Tryon St., Suite 800
Charlotte, NC 28202
Telephone: 704-372-9000
Facsimile: 704-334-4706
Email: jasonbenton@parkerpoe.com
Email: carolinebarrineau@parkerpoe.com

*Counsel for Defendant Patton, Morgan & Clark Insurance Agency, Inc.*